IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOYCE YVETTE BRANDON                                                                    PLAINTIFF

vs.                                      Civil No. 2:15-cv-02158

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Joyce Yvette Brandon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability application on January 31, 2012. (Tr. 9). Plaintiff alleges being disabled due to depression, diabetes, muscle spasms, high blood pressure, anxiety, right thigh pain, muscle spasms in her left shoulder and neck, high blood pressure, high cholesterol, and a herniated disc in her lower back. (Tr. 128). This application was denied initially and again upon reconsideration. (Tr. 46-47).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

request was granted. (Tr. 22-45). Plaintiff's administrative hearing was held on June 10, 2013 in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, David Harp. *Id.* At this hearing, Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") John Massey testified. *Id.* Plaintiff testified she was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). (Tr. 25). As for her education, Plaintiff testified she had obtained her GED. (Tr. 26).

On May 9, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for disability. (Tr. 6-16). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 31, 2012, her application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, degenerative disc disease, and hypertension. (Tr. 11-12, Finding 2). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-15). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c).

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15-16, Finding 5). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony,

2

the ALJ determined Plaintiff retained the capacity to perform her PRW as a retail sales clerk (light, semi-skilled). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 31, 2012 (application date) through May 9, 2014 (ALJ decision date). (Tr. 16, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On July 6, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On August 14, 2015, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises two points for reversal: (1) the ALJ's RFC determination

4

is inconsistent with the record; and (2) the ALJ erred in finding she could perform her PRW. ECF No. 12 at 1-16. Because the Court finds the ALJ erred by summarily finding Plaintiff's depression and anxiety were non-severe impairments, the Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, degenerative disc disease, and hypertension. (Tr. 11-12, Finding 2). In her application, however, Plaintiff alleged being disabled due to the following: depression, diabetes, muscle spasms, high blood pressure, anxiety, right thigh pain, muscle spasms in her left shoulder and

neck, high blood pressure, high cholesterol, and a herniated disc in her lower back. (Tr. 128). Notably, although Plaintiff alleged being disabled due to depression and anxiety, the ALJ did not find either of those impairments to be severe. (Tr. 11-12, Finding 2).

The ALJ even specifically addressed this issue in his opinion and determined those impairments were not severe. Indeed, it appears the ALJ discounted these impairments because they did not meet the requirements of Listing 12.00C:

> In making this finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.

(Tr. 11). This is, however, *not* the standard for determining whether an impairment is severe at Step Two. Rather, that analysis applies at Step Three of the Evaluation.

Further, Plaintiff's medical records demonstrate she has been repeatedly diagnosed with depression and anxiety and has been prescribed medication accordingly. (Tr. 254, 258, 274, 340, 383). Even consulting psychologist Dr. Patricia J. Walz, Ph.D. diagnosed Plaintiff with depression to the extent that she has a Global Assessment of Function or "GAF" score of 50-55 which equates to "serious" to "moderate" symptoms in functioning. *See DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR*, at 34 (2000).

Based upon these medical records, it appears her depression and anxiety meet the severe impairment standard. Because the ALJ did not find her depression and anxiety were severe impairments, this case must be reversed and remanded for further consideration of Plaintiff's mental impairments. *See Nicola,* 480 F.3d at 887 (finding the failure to assess an impairment as severe at Step Two of the Analysis was not "harmless error").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 29th day of April 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE